## FOURT v. EDWARDS ET AL.
### (No. 717.)

Trusts—Sale of Land by Trustee—Liability—Duty to Account.

1. Where one holding the legal title to land in trust for the joint use and benefit of himself and another has sold and conveyed the land without the knowledge and consent of the other party, the latter is entitled to recover from such trustee the value of his interest in the land, or the amount for which it was sold if the value is not shown to exceed that amount.

2. In an action to recover the alleged value of an undivided one-half interest in and to a certain tract of land, it was alleged that the legal title was held by the defendant in trust for the joint use and benefit of himself and plaintiff, and that without the knowledge or consent of the plaintiff the defendant conveyed the same, together with other land in which the plaintiff had no interest, for a stated amount. It appeared on the trial that the defendant had sold the land in which plaintiff was interested, together with other adjoining land, at an agreed price of forty dollars per acre for the entire tract, that the land was of little value for agricultural purposes, and if of greater value than the amount received it was because of its value as oil land; but the land was undeveloped, and no discovery of oil had been made thereon, though it included the south end of an oil dome upon which producing wells had been drilled at a distance of from three-quarters of a mile to a mile therefrom, and it was not shown that the plaintiff or the trustees could have obtained more than the latter received for it, nor that there was an opportunity to sell it for a greater price than that for which it was sold. *Held,* that the value based upon its supposed character as oil land was speculative, and that the plaintiff was properly limited in his recovery to the amount for which his interest was sold.

[Decided June 20, 1913.]                    (132 Pac. 1147.)

Error to the District Court, Fremont County; Hon. Chares E. Carpenter, Judge.

The material facts are stated in the opinion.

*E. H. Fourt,* for plaintiff in error.

The findings of the trial court as to the value of the property in question, and the value of the one-half interest of the plaintiff is against the weight of the evidence. The only evidence worthy of consideration shows that the value of the tract in which plaintiff was interested was from $250 to $500 per acre.

The defense was that the agreement entered into between the parties for the purpose of filing land scrip to secure title to the land in question was to obtain title to public lands, and was a fraud upon the government and could not be enforced. This filing was contested and the location was sustained because there had been no discovery of oil upon the land. And it is settled that such a location is valid if made before discovery of oil, although the parties may have believed that oil might be discovered within the boundaries of the land. (Olive L. & D. Co. v. Olmstead, 103 Fed. 568.) Mere surface indications do not constitute a discovery of oil, and will not support an oil location. (Bay v. Oklahoma &c. Min. Co., 73 Pac. 936.) Where parties to a suit had agreed to file land scrip upon certain public lands, and the case was brought in equity to determine the rights of the parties to the lands so obtained, it was held that the lands were not fraudulently taken, and that the court would afford relief. (Keeley v. Gregg, 83 Pac. 222.) No valid right to public lands by merely locating them as mineral lands can be secured until a discovery is made. (Whiting v. Straup, 95 Pac. 849; Phillips v. Brill (Wyo.), 95 Pac. 856.) And under the public land laws land is not held to be mineral land until there has been a discovery. (Belk v. Meagher, 104 U. S. 279; Atherton v. Fowler, 96 U. S. 513; S. N. Oil Co. v. Holden Oil Co., 98 Fed. 673.) Courts of equity will follow trust property into the hands of the trustee or those of his assigns who have notice of the trust, and if the property has been sold the *cestui que* trust may elect to follow the property or have personal judgment against the trustee. (Olive v. Piatt, 3 How. (U. S.) 622; Seymour v. Freer, 8 Wall. 202; Wylie v. Coxe, 15 How. (U. S.) 416.)

No brief for defendant in error.

SCOTT, CHIEF JUSTICE.

The plaintiff in error, who was the plaintiff below, brought this action in the District Court of Fremont County against Edwards, one of the defendants in error, as a defendant, to recover the alleged value of an undivided one-half interest in and to the southwest quarter of the northeast quarter of section twenty-four, township thirty-two north, of range ninety-nine west, in Fremont County, Wyoming, legal title of which is alleged to have been held by defendant Edwards in trust for the joint use and benefit of himself and the plaintiff. It is alleged that the defendant Edwards, without the knowledge or consent of plaintiff, conveyed the property, together with other property in which the plaintiff had no interest, to Richard C. Adams for the agreed price of $8,800, of which sum $1,000 was paid in cash and a note for the sum of $7,800, dated September 10, 1908, secured by mortgage on the real estate mentioned, together with other real estate, was given to secure the balance of the purchase price. It is further alleged that afterwards and on May 22, 1909, the defendant Oliver C. Edwards, without the knowledge and consent of plaintiff, entered into a contract with defendant Power to transfer and convey to him the said promissory note and mortgage so executed as aforesaid for the sum of $7,800 for the consideration of $6,800, and that at the time of making this contract Power paid $2,000 cash to defendant Edwards and the balance of said note, amounting to $4,800, was by its terms due and payable on or before September 15, 1909. That, upon demand duly made, defendant Edwards has refused to account to plaintiff for his share of the proceeds received by him for the trust property, that he is insolvent, has converted such proceeds to his own use, and that unless Powers be enjoined from paying to Edwards and the latter be enjoined from receiving the balance to be paid on such note the plaintiff will be irreparably injured and without remedy. A temporary injunction was issued. The case was tried to the court and the court found that the trust relation

existed and sale made as alleged in the petition; that defendant refused to account for the plaintiff's interest in the property, and assessed plaintiff's damages at the sum of $800, for which amount judgment was rendered and the injunction made perpetual. The plaintiff moved upon the evidence to vacate the judgment and for judgment awarding him the sum of $4,800. This motion was overruled and the plaintiff brings error.

The amount to which plaintiff was entitled to recover is the sole question presented by this record. It was alleged in the petition that the value of plaintiff's interest in the land in controversy was $4,800. The defendant alleged that plaintiff had no interest whatever in the land. There was also a general denial. Upon the pleadings and issues thus presented, if the plaintiff prevailed as he did in establishing a trust in his favor, then he was entitled to recover the value of his interest in the land. The case was tried upon the theory that the land was valuable because of the oil which it was supposed to contain. It was sold by Edwards, the trustee, to Adams as a contiguous part of a 220-acre tract at the agreed price of $40 per acre for the entire tract. There is no controversy in the evidence that the land was of little value for agricultural purposes, and if valuable at all it was for oil purposes. The evidence upon the question of value was directed to that question and the stratification, geological formation, development of oil in the vicinity, and that the land included the south end of an oil dome upon which though farther north producing wells had been drilled at a distance of three-fourths of a mile to a mile, and plaintiff's evidence as to its value was based upon the asserted mineral character of the land and was to the effect that it was worth $250 per acre. The land was undeveloped and no discovery of oil had been made thereon. It was not known whether it was valuable as oil land or not. It was not shown that plaintiff or the trustee could obtain more than the latter received for it, nor that there was an opportunity to sell it for a greater price than that for which the trustee sold it. One

of plaintiff's witnesses said there was no market value or price for such land, but that it was worth just what one could get for it. In this state of the evidence we are of the opinion that, in the absence of any evidence that he could obtain more, the value claimed by the plaintiff was purely speculative and that the court correctly found for him in the sum of $800, that being the amount for which plaintiff's one-half interest in the tract was sold. We discover no error in the record and the judgment will be affirmed.     *Affirmed.*

POTTER, J., and BEARD, J., concur.